UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERNEST R. LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-328 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the

Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412 [Doc. 20]. Plaintiff seeks an order awarding him attorney fees in the amount of

$1,525.80 under the authority of 28 U.S.C. § 2412(d)(1).

On September 2, 2009, the Honorable Thomas W. Phillips, United States District Judge,

entered an Order [Doc. 17] denying the Commissioner's Motion for Summary Judgment, granting

Plaintiff's Motion for Summary Judgment, and remanding this case to the Commissioner for

further consideration.

The following four conditions must be met before a plaintiff is entitled to recover attorney

fees under EAJA:

     1. The plaintiff must be a prevailing party;

     2. The Commissioner's position must be without

-1-

substantial justification;

3.  No special circumstances warranting denial of
fees may exist; and

4.  The application for attorney fees must be filed
within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA,

renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). Thus, the first

condition for granting fees under EAJA has been met.

To establish that the position taken by the Commissioner in an action was without

"substantial justification," a plaintiff must show that it was not justified, "both in fact and in law,

to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir.

1989) (citing Pierce v. Underwood, 487 U.S. 552, 559 (1988)). In this case, the Commissioner has

stated that he does not oppose Plaintiff's request for EAJA attorney fees, and he has thereby

conceded that his position in this action was not substantially justified. [Doc. 22]. Thus, the second

condition for granting fees under EAJA has been met.

The Court is not aware of, and the parties have not raised, any "special circumstances" that

might make an award of attorney fees unjust. Thus, the third condition for granting fees under the

EAJA has been met.

On October 1, 2009, Plaintiff moved for a total fee amount of $1,525.80.[1] [Doc. 20]. This

motion included a proper application for fees [Doc. 21], and it was filed within 30 days of the final

---

[1] This amount represents Plaintiff's claim for 7.6 attorney hours at a rate of $159.00 per hour, and 6.9 paralegal hours at a rate of $46.00 per hour. [Doc. 21 at 4].

-2-

judgment in this matter. Thus, the fourth condition for granting fees under EAJA has been met.

Finally, the Commissioner has stated that he does not oppose the payment of attorney fees

to Plaintiff in the requested amount of $1,525.80. [Doc. 22]

Based upon the foregoing, the Court finds that Plaintiff's motion is well-taken. Accordingly,

it is **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice

Act, 28 U.S.C. § 2412 **[Doc. 20]** be **GRANTED**, and that a judgment awarding Plaintiff the amount

of **$1,525.80** for attorney fees be entered.

Respectfully submitted,


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

Case 3:08-cv-00328-TWP-CCS   Document 24   Filed 01/28/10   Page 3 of 3   PageID #: 101